UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

CIVIL ACTION NO. 08-CV-094-JMH

DAN T. ANGEL,                                          PLAINTIFF,

VS:                    **MEMORANDUM OPINION AND ORDER**

BOYLE COUNTY JAIL COMMITTEE, et al.,                   DEFENDANTS.

**** **** ****

Dan T. Angel, an individual incarcerated in the Boyle County Detention Center ("BCDC"), initiated the instant *pro se* civil rights action, pursuant to 42 U.S.C. § 1983, regarding the conditions of his confinement there, and he moved to proceed herein *in forma pauperis*. The motion will be granted by separate Order.

The Complaint is now before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

In screening, as with all submissions by *pro se* litigants, the Complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in this Complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C.

§ 1915(e)(2)(B).

<u>CLAIMS</u>

Angel, who was released from the BCDC since filing this action, has complained of the conditions at the BCDC, conditions which purportedly subject inmates to overcrowding and deprives inmates of their right to "freedom to practice our religion."

<u>DEFENDANTS</u>

As Defendants, the Plaintiff has named (1) the Boyle County Jail Committee; (2) Jailer Barry Harmon; (3) the Danville, Kentucky, Police Department; and (4) the Harrodsburg, Kentucky, Police Department.

<u>RELIEF REQUESTED</u>

Plaintiff has sought injunctive relief and damages.

<u>FACTUAL ALLEGATIONS</u>

Angel's initial allegations are set out in 5 enumerated paragraphs, which he has hand-written on a complaint form obtained from the Office of the Clerk of this Court.  On March 17, 2008, he also submitted a letter containing additional allegations.  The Court summarizes the contents of these documents [Record Nos. 2, 7] as follows.

In his Complaint, Plaintiff first claims that from September 5, 2006, to the present time, the Boyle County Jail Committee has allowed the jail to be so overcrowded as to create an unsafe environment for inmates and staff.  He also faults the Defendant

Jailer for not "pressing the judges to help eliminate the overcrowding . . . [and] not letting us have access to our religious materials" during this same time period.

Plaintiff's third and fourth claims are that from September 5, 2006, to the present, the Danville and Harrodsburg Police Departments have been arresting people for offenses when a citation could have issued instead, thus adding to the overcrowding unnecessarily.

In the final paragraph of his Complaint, the Plaintiff lists a series of objectionable conditions which the Boyle County Jail Committee has purportedly permitted to exist at the BCDC from June 3, 2002, to the present.  He complains of "a bad state of disrepair creating unsafe & unsanitary conditions;" the lack of sufficient towels, wash-cloths, mattresses, and hygiene supplies; and the collection of money from prisoners,  specifically a $25 fee for booking, $25 per day for housing, and requiring inmates to purchase health items from the BCDC canteen.   In his later-filed letter/construed pleading, he alleges that since the filing of the Complaint, the conditions have gotten "worse" in that his nine-person cell now has sixteen people in it; the temperature is "so hot its unbearable;" gnats fly around; and sewer back-up makes bathrooms and cells unsanitary.

Plaintiff states in his original Complaint, that he filed a grievance on the proper BCDC form but he thinks it was thrown away.

3

In the later pleading, he repeats this contention, but also claims to have filed a total of four grievances "on the conditions here," one on December 18, 2007, and others on December 26, 2007, January 2, 2008, and January 15, 2008, none of which brought a response.

On January 31, 2008, Plaintiff Angel signed his completed Complaint, seeking the elimination of overcrowded conditions at the BCDC; a new policy in the Defendant police departments, *i.e.*, to issue more summons rather than warrants in Boyle County, Danville, Mercer County, and Harrodsburg; and a "settlement" of $1,000,000.

<u>DISCUSSION</u>

The Federal Courts have limited jurisdiction under the Constitution, Article III. One limitation is that the courts are "without power to decide questions that cannot affect the rights of the litigants before them." *North Carolina v. Rice,* 404 U.S. 244, 246 (1971) ( *per curiam*) ( *quoting Aetna Life Ins. Co. v. Hayworth,* 300 U.S. 227, 240-241 (1937). Thus, if an intervening event prevents the Court from granting any effective relief, the case must be dismissed. *See Calderon v. Moore,* 518 U.S. 149, 150 (1996) (per curiam).

An intervening event took place between the Plaintiff's filing of his complaint and today. He was released from the BCDC. A prisoner's claims for injunctive relief are mooted upon that prisoner's release or transfer. *See Weinstein v. Bradford*, 423 U.S. 147, 148 (1975) (per curiam); *Goar v. Civiletti*, 688 F.2d 27,

4

29 (6th Cir. 1982).   The entry of injunctive relief in the Plaintiff's favor would have no effect on the named defendants' behavior. *See White v. State*, 82 F.2d 364, 366 (10th Cir. 1996) (holding that inmate plaintiff's claims for injunctive relief were mooted by his release from incarceration).

Therefore, the Plaintiff's requests for injunctive relief have been mooted and must be dismissed.   The Court will proceed to screen the Complaint with regard to only the damage claims.   To establish a right to relief under Title 42 of the United States Code, Section 1983, a plaintiff must plead and prove two essential elements.  He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Street v. Corr.Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

Consistent with this authority and its progeny, the Court finds that the instant Plaintiff has utterly failed to state a claim against the two police departments.  He does not allege that he was arrested in violation of any federal law.  In complaining that too many inmates were arrested via warrants rather than being cited, he admits that the arrests were not illegal.   Process issued.  Plaintiff would prefer another form rather than an arrest

5

warrant, but the law of Section 1983 does not permit lawsuits based on an inmate's preferences or ideas, even good ones. Therefore, these Defendants are entitled to dismissal from this lawsuit.

With regard to the conditions at the BCDC and the Defendant Jailer and Jail Committee, the Court also concludes that the Plaintiff has failed to state a claim upon which the Court may grant relief. He has omitted basic facts. For instance, since the Plaintiff complains of inmates being arrested instead of being cited, he may be a pretrial detainee, a fact which would impact the Court's screening of a Constitutional conditions-of-confinement claim, whether it should be screened under the standards of the Eighth or Fourteenth Amendments. *See Horn v. Madison Cty. Fiscal Ct., et al.*, 22 F.3d 653, 660 (6th Cir. 1994) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979); *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985)).

Angel's greatest omission in his original pleadings, however, and what is fatal to any Constitutional claim, is his failure to describe the conditions at the BCDC. He fails to detail what the "overcrowded conditions" consist of; what supplies he does not have or needs to support his accusation of the BCDC's "not having enough jail supplies;" or what took place that leads to the accusation of personnel "hindering inmates from practicing there religion by not letting us have access to our religious materials sent to us." Does he have to sleep on the floor? Does he not have soap? food?

6

clothing?  As to the religious materials, what are/were they?  Were publications of his confiscated or was some other prisoner's mail returned to sender?  Did the Plaintiff suffer any injury as a result of not getting said "religious materials" or "jail supplies"?

Plaintiff Angel has failed to sufficiently describe in the BCDC conditions about which he is complaining for this case to go forward.  Merely repeating complaints of overcrowding is simply too broad to state a civil rights claim.  Plaintiff herein has not set forth either the factual or the Constitutional basis of his claims in a manner that gives the named Defendants proper notice and does not require the Defendants or this Court to "conjure up unpled allegations."  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

"A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim.  But when a complaint omits the facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied*, 431 U.S. 914 (1977)).

In the instant Plaintiff's submission two months later, he does set out details in describing four conditions at the BCDC.  However, these allegations are located only in a postscript and they were preceded by the sentence, "The conditions at the Jail is

7

worse." The gnats and heat and other complained of conditions at that time are evidently newly arising conditions. What is missing from even these later-filed detailed allegations is any claim that Angel suffered a personal discomfort or injury from these new conditions. Nor does the Plaintiff allege that he brought these complaints to anyone at the Jail administratively. Proper exhaustion of administrative remedies is a pre-condition to suit, even for newly added or amended claims. *See* 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81 (2006).

An allegation of injury is an important requirement of the law and it is missing herein. A plaintiff is without standing if he fails to establish that he has suffered a personal injury in fact as a result of the complained-of conditions Additionally, the Supreme Court has made clear that the injury must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). The instant Plaintiff's only allegation particularized to himself is the March letter's allegations that his own cell is supposed to be for nine inmates but has sixteen in it. Still, however, no injury.

Nor has the Plaintiff alleged that any of the named BCDC Defendants had any knowledge of or participation in these later conditions. "A supervisory employee cannot be held liable under §

8

1983 for the constitutional torts of those he supervises unless it is shown 'that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied*, 469 U.S. 845 (1984)).

In order to find them liable, a plaintiff must allege that the supervisors condoned, encouraged or participated in the alleged misconduct. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989). Supervisory personnel are liable for constitutional violations only where evidence establishes that they authorized or approved the unconstitutional conduct. *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241 (6th Cir. 1989), *cert. denied*, 110 S. Ct. 2173 (1990). *See also Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied*, 469 U.S. 845 (1984)); *Poe v. Haydon*, 853 F.2d 418 (6th Cir. 1988), *cert. denied*, 488 U.S. 1007 (1989). There is no suggestion herein that any of the remaining Defendants were personally involved in any of the enumerated conditions.

In sum, the Court finds that the Plaintiff has failed to state a claim upon which the Court may grant relief, and dismissal of all of his claims is required. 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal will, however, be without prejudice to the Plaintiff's ability to bring another action in the future. Accordingly, **IT IS**

9

**ORDERED** that this action will be dismissed and a contemporaneous Judgment shall be entered in favor of the Defendants.

This the 15th day of April, 2008.

 Signed By:

**_Joseph M. Hood_**

**Senior U.S. District Judge**

10